# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY O. GARMONG, <br><br> Petitioner, <br><br> vs. <br><br> TAHOE REGIONAL PLANNING AGENCY, <br><br> Respondent. | 3:17-cv-00444-RCJ-WGC <br><br> **ORDER** |

This case arises out of the approval of a cell tower project in the Lake Tahoe area. Pending before the Court are two motions to dismiss, two motions to strike, and an objection to the Magistrate Judge's order denying certain limited discovery.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Gregory Garmong resides in Douglas County, Nevada near Lake Tahoe. (Compl. ¶¶ 1, 8–10, ECF No. 1). He has sued the Tahoe Regional Planning Agency ("TRPA"), several TRPA employees and officials, Verizon Wireless, Complete Wireless Consulting, Inc. ("CWC"), an employee of CWC, and Crown Castle in this Court, listing twenty-eight causes of action. His claims arise out of TRPA's grant of a permit to CWC to construct a cell tower within TRPA's jurisdiction at 811 U.S. Highway 50 ("US 50") in Douglas County ("the Project"). (*Id.* ¶¶ 32–33). The Court takes judicial notice that the site of the Project is directly across US 50

from the Skyland neighborhood where Plaintiff lives, which is about a mile south of the Cave Rock Tunnel on US 50 and a mile north of Zephyr Cove on the east shore of Lake Tahoe. (*See id.*). The site currently appears free from development except for a water tower.

Plaintiff alleges TRPA mailed a notice of the February 23, 2017 hearing on the Project to property owners like him on February 9 ("the Notice"), and that he received the Notice on February 14. (*Id.* ¶¶ 38–39). The Court takes judicial notice that February 14 was a Tuesday. The Notice indicated that Bridget Cornell was the point of contact for the Project, and that the application for the Project ("the Application") could be viewed from 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 4:00 p.m. on Mondays, Wednesdays, Thursdays, and Fridays. (*Id.* ¶ 38). The Notice also indicated that a "staff summary" for the Project could be viewed at www.trpa.org ("the Website") and at the TRPA office as of February 16. (*Id.*). Written comments had to be received by February 22 or they would not be considered at the February 23 hearing. (*Id.*). When Plaintiff checked the Website on 5:20 p.m. on February 16, he was unable to locate any staff summary, although it became available "at some time after that" for a total of less than seven days prior to the hearing. (*Id.* ¶ 40).

Plaintiff does not allege that the Application was not viewable at the TRPA office on Wednesday the 15th, Thursday the 16th, Friday the 17th, Monday the 20th, and Wednesday the 22nd. He alleges only that the weather was "very bad" on February 15–17 due to significant snowfall that made it hazardous to drive. (*Id.* ¶ 41). Plaintiff does not allege any such difficulties on Monday the 20th or Wednesday the 22nd, although TRPA was closed on the 20th for President's Day. (*Id.* ¶ 45). The Court takes judicial notice that there was no recorded precipitation at the South Lake Tahoe Airport (approximately twelve miles by road from Skyland) on February 14th or 15th, 0.24 inches of snow on the 16th, and 0.08 inches of snow on

the 17th. There was no recorded precipitation at the Heavenly Mountain Resort (a ski resort about a mile from TRPA's Stateline, Nevada office) February 14th through 16th, and three inches of snow on the 17th. Plaintiff also alleges that the drive to TRPA's office would take "1-1/2 hours in good weather." (*Id.* ¶ 42). But the Court takes judicial notice that the normal driving time for the 5.3 miles between Skyland and TRPA's office at 128 Market Street, Stateline, Nevada is approximately ten minutes.

Plaintiff lists twenty-eight claims: (1)–(3) due process violation due to bias; (4), (6) due process violation due to denial of the right to be heard; (5), (7), (9) due process violation due to TRPA's failure to give reasons; (8) due process violation due to intermingling of investigative and decision-making functions; (10) fraud; (11) civil rights conspiracy; (12) declaratory judgment that CWC is not qualified to do business in Nevada; (13) due process violations due to TRPA's failure to follow its procedural regulations; (14) declaratory judgment that the Project is not permitted under TRPA; (15)–(20) declaratory judgment that TRPA failed to investigate and make findings on issues of noise, safety, general welfare, land coverage limits; (21)–(22) declaratory judgment that the Project exceeds cell tower height limits under TRPA; (23) intentional infliction of emotional distress; (24) unjust enrichment; (25)–(27) "general constitutional challenges"); and (28) civil penalties for violations of TRPA. Defendants have filed two motions to dismiss. All Defendants appear to be included in the motions or joinders thereto.

## II. DISCUSSION

The Court decides the motions under the doctrine of standing. Article III of the Constitution grants judicial power to the United States to determine "Cases" and "Controversies" between various parties. *See* U.S. Const. art. III, § 2. This limits the matters judiciable by federal

courts to those under which a plaintiff has "standing" to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). The "irreducible constitutional minimum of standing" is: (1) an "injury in fact"; that is (2) "fairly traceable" to the challenged action of the defendant; and which can (3) "likely" be "redressed by a favorable decision." *Id.* at 560–61 (internal quotations marks and alterations omitted). Congress may not waive or reduce these requirements, but it may enact statutes creating legal rights that would not otherwise exist and the invasion of which constitutes an intangible yet "concrete" injury—an injury that "actually exist[s]"—constituting an "injury in fact" for the purposes of standing. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547–49 (2016). "[A] bare procedural violation, divorced from any concrete harm," however, is insufficient to show injury in fact. *Id.* at 1549.

It is critical to specify the nature of Plaintiff's claimed injury. Apart from his generalized grievances that TRPA failed to follow the law, Plaintiff relies on alleged violations of his procedural right to be heard before TRPA, not on any violation of his right to hike in the area without having to look at a cell tower. The Complaint does not allege an injury as to the latter putative right. Plaintiff alleges that he "was an avid hiker and often used the land in the area of the Project for recreational purposes." (Compl. ¶ 10, ECF No. 1). But past use is insufficient to show injury from a development in the area, and a claim of future use must include concrete plans, not "'some day' intentions." *Lujan*, 504 U.S. at 564. Plaintiff alleges only past use of the area and does not allege any intent to use the area in the future, even speculatively.

Plaintiff identifies a statutorily created procedural right:

> Any aggrieved person may file an action in an appropriate court of the States of California or Nevada or of the United States alleging noncompliance with the provisions of this compact or with an ordinance or regulation of the agency. . . . In the case of any person other than a governmental agency who challenges an action of the Tahoe Regional Planning Agency, "aggrieved person" means any person who has appeared, either in person, through an authorized

>     representative, or in writing, before the agency at an appropriate administrative
>     hearing to register objection to the action which is being challenged, or who had
>     good cause for not making such an appearance.

Compact art. VI(j)(3), Pub. L. 96-551, 94 Stat. 3233 (1980). The Court need not delve into the intricacies of Plaintiff's allegations concerning difficulties in participating in the hearing process, however, because the only harm he alleges is procedural, and a bare procedural violation cannot support Article III standing unless it results in some concrete harm, even if that additional concrete harm is intangible. *See Spokeo*, 136 S. Ct. at 1549–50.

In *Spokeo*, the concrete harm was the material risk of transmission of inaccurate information about one's credit history. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113–14 (9th Cir. 2017) (on remand). In evaluating a plaintiff's standing to pursue violations of statutorily created rights, a court asks "(1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.* at 1113. Here, the Court can assume the procedures mandated by TRPA, whatever they are, were established to protect concrete interests. But Plaintiff has not alleged any material risk of harm to such interests. His grievance against the Project is precisely the kind of generalized grievance the Supreme Court has rejected as insufficient to create Article III standing. The putative harm underlying the alleged procedural violations here is the approval of the Project, i.e., the construction of a cell tower in a location where Plaintiff would rather not look at one. But as noted, *supra*, Plaintiff has not alleged any concrete (or even speculative) future plans to use the affected area for hiking or otherwise. He alleges only that he used the affected area for hiking in the past. The approval of the Project therefore resulted in no concrete harm to Plaintiff's property or liberty interests that TRPA's procedures may have been designed

to protect, even assuming for the sake of argument that Defendants violated some procedural right under the Compact (or some fundamental procedural right that would be due even in the absence of the Compact).

And although the Court need not yet fully analyze the issue, the Complaint appears to indicate that no procedural rights were violated, anyway. Plaintiff affirmatively alleges he was notified of, submitted comments prior to, and appeared at the February 23, 2017 hearing at which TRPA approved the Project. (Compl. ¶¶ 22–23, 28–29). Plaintiff's allegations concerning personal difficulties in participating—which are of dubious veracity, in any case, *see supra*—do not implicate due process.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 17, 34) are GRANTED, with leave to amend within twenty-one (21) days of this Order.

IT IS FURTHER ORDERED that the Motions to Strike (ECF Nos. 69, 71) are DENIED, and the Motion to Extend Time (ECF No. 59) and Objection (ECF No. 60) are DENIED as moot.

IT IS SO ORDERED.

Dated this 17th day of May, 2018.

                                                         ROBERT C. JONES
                                                      United States District Judge