# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY O. GARMONG, | |
| Plaintiff, | 3:17-cv-00444-RCJ-WGC |
| vs. | |
| TAHOE REGIONAL PLANNING AGENCY et al., | **ORDER** |
| Defendants. | |

This case arises out of the approval of a cell tower project in the Lake Tahoe area. Pending before the Court are a motion for a preliminary injunction and two motions to dismiss.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Gregory Garmong resides in Douglas County, Nevada near Lake Tahoe and has a second home in Smith, Nevada. In the First Amended Complaint ("FAC"), he has sued the Tahoe Regional Planning Agency ("TRPA"), Verizon Wireless, Inc. ("Verizon"), Complete Wireless Consulting, Inc. ("CWC"), Crown Castle, and eighteen individuals in this Court, listing thirty-four causes of action. His claims arise out of TRPA's grant of a permit ("the Permit") to CWC to construct a cell tower within TRPA's jurisdiction at 811 U.S. Highway 50 ("US 50") in Douglas County ("the Project"). The Court has taken judicial notice that the site of the Project is directly across US 50 from the Skyland neighborhood where Plaintiff lives, which is about a mile

south of the Cave Rock Tunnel on US 50 and a mile north of Zephyr Cove on the east shore of Lake Tahoe. The site currently appears free from development except for a water tower.

Plaintiff alleges TRPA mailed a notice of the February 23, 2017 hearing on the Project to property owners like him on February 9 ("the Notice"), which indicated a February 23 hearing on the Project, and that he received the Notice on February 14. The Court takes judicial notice that February 14 was a Tuesday. The Notice indicated that Bridget Cornell was the point of contact for the Project, and that the application for the Project ("the Application") could be viewed from 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 4:00 p.m. on Mondays, Wednesdays, Thursdays, and Fridays. The Notice also indicated that a "staff summary" for the Project could be viewed at www.trpa.org ("the Website") and at the TRPA office as of February 16. Written comments had to be received by February 22 or they would not be considered at the February 23 hearing. When Plaintiff checked the Website on 5:20 p.m. on February 16, he was unable to locate any staff summary, although it became available at some time after that for a total of less than seven days prior to the hearing.

Plaintiff does not allege that the Application was not viewable at the TRPA office on Wednesday the 15th, Thursday the 16th, Friday the 17th, Monday the 20th, and Wednesday the 22nd. He alleges only that the weather was "very bad" on February 15–17 due to significant snowfall that made it hazardous to drive. Plaintiff does not allege any such difficulties on Monday the 20th or Wednesday the 22nd, although TRPA was closed on the 20th for President's Day. The Court previously took judicial notice that there was no recorded precipitation at the South Lake Tahoe Airport (approximately twelve miles by road from Skyland) on February 14th or 15th, 0.24 inches of snow on the 16th, and 0.08 inches of snow on the 17th, and that there was no recorded precipitation at the Heavenly Mountain Resort (a ski resort about a mile from

TRPA's Stateline, Nevada office) February 14th through 16th, and three inches of snow on the 17th. Plaintiff alleges that the drive to TRPA's office would take "1-1/2 hours in good weather." The Court previously took judicial notice that the normal driving time for the 5.3 miles between Skyland and TRPA's office at 128 Market Street, Stateline, Nevada is approximately ten minutes. Plaintiff has clarified in the FAC that he was staying at his home in Smith at the time, not his second home in Skyland, and that the snowfall occurred between Smith and Skyland.

The Court granted a motion to dismiss the Complaint, because Plaintiff had not alleged facts indicating standing. Specifically, he had only alleged that he used the affected area in the past, not that he had any particular plans to use it in the future. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–64 (1992). In the FAC, Plaintiff alleges that he has visited Genoa Peak Plan Area 060 (TRPA's designation for the area) 24 times in 2018, passing the site of the Project 17 times, and that he plans to continue using the area. The Court denied a motion for a temporary restraining order because of a low chance of success on the merits and because the balance of hardships did not favor him. The Court now denies the motion for a preliminary injunction for the same reasons and again dismisses for lack of standing.

## II.    DISCUSSSION

Article III of the Constitution grants judicial power to the United States to determine "Cases" and "Controversies" between various parties. *See* U.S. Const. art. III, § 2. This limits the matters judiciable by federal courts to those under which a plaintiff has "standing" to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). The "irreducible constitutional minimum of standing" is: (1) an "injury in fact"; that is (2) "fairly traceable" to the challenged action of the defendant; and which can (3) "likely" be "redressed by a favorable decision." *Id.* at 560–61 (internal quotations marks and alterations omitted). Congress may not waive or reduce

these requirements, but it may enact statutes creating legal rights that would not otherwise exist and the invasion of which constitutes an intangible yet "concrete" injury—an injury that "actually exist[s]"—constituting an "injury in fact" for the purposes of standing. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547–49 (2016). "[A] bare procedural violation, divorced from any concrete harm," however, is insufficient to show injury in fact. *Id.* at 1549.

The Court previously ruled that standing must be based on actual harm, not the bare violation of a procedural right as against TRPA (any violation of which was doubtful based on the Complaint, in any case). Plaintiff has now alleged that he has in the past hiked in the area of the Project and intends to continue hiking in the area of the Project. Defendants are correct that Plaintiff appears mainly aggrieved over the alleged failure of TRPA to follow the law generally and certain speculative injuries. He has alleged specific plans to use the affected area, but the Court agrees with Defendants that Plaintiff has not alleged that the Project will cause him any concrete harm, even assuming he continues to use the area. It is not alleged that the Project will prevent Plaintiff from hiking in the area. Nor does he allege that the future cell tower—which is to be constructed to resemble nearby pine trees and blend into them—will affect the view of the lake or mountains from the area apart from the psychological affect Plaintiff might experience simply by knowing there is a cell tower nearby. Plaintiff also acknowledges a gigantic water tower in the immediate area of the Project that already interferes with the natural appearance of the area much more than a camouflaged cell tower would. Indeed, as Defendants note, Plaintiff's primary complaint is his speculative fear that the cell tower might someday fall over onto the water tower and damage it. Plaintiff's allegations that the aesthetic and recreational values of the area will be lessened by the challenged activity are conclusory. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 183 (2000). He has so concluded, but he

has not alleged facts that if true would lead to that conclusion. He alleges the introduction of a cell tower resembling a tree in the midst of an ocean of trees near an already existing unconcealed water tower. That, even if true, does not indicate that the aesthetic and recreational values of the area will be lessened.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF No. 89) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Excess Pages (ECF No. 97) and the Motion to Dismiss (ECF No. 101) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 104) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 28 day of August, 2018.

_____
ROBERT C. JONES
United States District Judge